IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JUAN LARA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 11-5090-CV-SW-ODS |
| ) | Crim. No. 07-5062-16-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 (DOC. 1)

Pending is Juan Lara's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The Court denies the motion.

## I. BACKGROUND

A jury convicted Lara of conspiracy to distribute more than 50 grams of methamphetamine. The Court sentenced him to the mandatory minimum sentence of life imprisonment. Lara's conviction and sentence were affirmed on direct appeal. *See U.S. v. Lara*, 382 Fed. Appx. 536 (8th Cir. 2010).

Lara filed his § 2255 motion and requested additional time to file his memorandum of facts and law in support of his motion, and the Court granted him until November 1, 2011, to do so. Lara requested more time.

The Court initially denied Lara's second request, *see* Order, Doc. 8, but on December 28 the Court granted him until February 10 to file his memorandum in support of his motion, *see* Order, Doc. 12. The Court warned Lara that failure to meet this deadline "**will result in dismissal of this case without further notice**." Order, Doc. 12. Lara did not file his memorandum until February 17.

## II. DISCUSSION

The Court is required to grant Lara an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

### A. Failure to Comply with Court Order

Lara failed to comply with this Court's order that he file his memorandum in support of his § 2255 motion by February 10, 2012. The Court warned Lara that his case would be dismissed if he missed this deadline.

Lara submitted a memorandum dated February 3 from his prison's warden stating the penitentiary was locked down. At the bottom, Lara (or someone else) wrote the lockdown started January 28 and ended February 7.

The Court holds dismissal is proper for failure to file by the Court's deadline. Even with the lockdown, Lara had from December 28 (when the last extension was granted) to January 27 (the day before the lockdown) to file his memorandum in support. Because he missed the Court's February 10 deadline, the Court dismisses this case.

### B. Merits of § 2255 Motion

Even if the Court considered the merits of Lara's case, he would be entitled to no relief. Lara's motion alleges ineffective assistance of counsel. For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*1. Motion to Suppress*

Lara first alleges counsel's handling of his motion to suppress was ineffective because counsel (1) stipulated to the government's facts; (2) filed no objections to the Magistrate Judge's Report and Recommendation; and (3) did not object to "perjured" testimony. Motion, Doc. 1, p. 4. But to be entitled to relief, Lara must establish "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Lara has not even attempted to establish his Fourth Amendment claim is meritorious, so he is not entitled to relief.

*2. Severance*

Lara next argues counsel was ineffective in failing to file a motion to sever him from his codefendant, Ronald E. Willis. "[W]hen defendants [like Lara and Willis] properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

Beyond making the conclusory assertion that the jurors could not compartmentalize the evidence, Lara's primary contention is that most of the evidence at trial involved Willis and that the evidence against him (Lara) was "far from overwhelming." Memorandum, Doc. 13, p. 11. To the contrary, the evidence against Lara was quite strong; it included testimony "regarding Lara's role as a translator in a methamphetamine conspiracy, the seizure of twenty-five pounds of methamphetamine following a traffic stop, and Lara's post-arrest statements about his involvement in the conspiracy," *Lara*, 382 Fed. Appx. at 536. And "disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than

to respond with some less drastic measure such as a curative instruction." *U.S. v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) (citation omitted). Lara asserts "there was no limiting instruction . . . given by the district court advising the jury as to the proper utilization of the substantial evidence offered against Willis," Memorandum, Doc. 13, p. 11, but this is not correct, *see* Instructions, Doc. 469, p. 22 (No. 19). Lara has not shown ineffective assistance of counsel.

*3. Jury Selection*

Lara contends trial and appellate counsel rendered ineffective assistance in failing to object to the composition of the venire, the questioning of the venire members, and the selection of the jury. He asserts the composition, questioning, and selection of the jury "was not race-neutral, fully representative of races." Motion, Doc. 1, p. 5.

Lara cannot establish that counsel's performance was deficient in failing to object to the voir dire conducted by the Court because on direct appeal the Eighth Circuit held the Court's voir dire was adequate. *See Lara*, 382 Fed. Appx. at 536. The Eighth Circuit found the Court "posed questions prepared by defense counsel touching upon racial attitudes and possible prejudices of venirepersons, and the venirepersons did not give any answers suggesting that they harbored any such attitudes or prejudices." *Id.* (citations omitted).

As to the composition of the venire, Lara cannot show counsel performed deficiently because he cannot establish a violation of the fair-cross-section requirement. To establish a prima facie violation of this requirement, "a defendant must prove that: (1) a group qualifying as 'distinctive' (2) is not fairly and reasonably represented in jury venires, and (3) 'systematic exclusion' in the jury-selection process accounts for the underrepresentation." *Berghuis v. Smith*, 130 S. Ct. 1382, 1392 (2010) (citation omitted). Lara has not established any of these things, so he cannot show that counsel's failure to raise this issue constituted deficient performance.

And as for the jurors that were selected, they were not required to reflect a fair cross-section of the community. *See Lockhart v. McCree*, 476 U.S. 162, 173 (1986)

("We have never invoked the fair-cross-section principle . . . to require petit juries, as opposed to jury panels or venires, to reflect the composition of the community at large" (citations omitted).). This leaves Lara's allegation that the selection of the jury was not "race neutral" and that counsel should have objected to it. Lara has not shown how the outcome of his trial would have been different if counsel would have objected, so this claim also fails. *See Murray v. Groose*, 106 F.3d 812, 815 (8th Cir. 1997) ("Even assuming, *arguendo*, that Murray could demonstrate that his trial counsel was deficient in failing to attempt to rebut the prosecution's race-neutral explanations for its peremptory strikes, he has not alleged that the outcome of his trial would have been different had his counsel done so. Murray's claim of ineffective assistance of counsel must therefore fail . . . .").

*4. Conduct During Trial*

Lara's motion alleges counsel was ineffective for placing him on the stand to testify regarding "irrelevant matters thereby undermining his defense." Motion, Doc. 1, p. 8. Lara does not identify what these "irrelevant matters" were, and his Memorandum offers no insight.

Lara's Memorandum focuses more on his claim that counsel opened the door to damaging evidence by placing him and his former counsel in another case, Robin Fowler, on the stand. *See* Doc. 13, p. 13. As for Mr. Fowler, Lara contends he offered no relevant evidence. But Mr. Fowler testified that Lara's ability to speak and understand English was limited during his representation. This was relevant to rebut the prosecution's claim that Lara was the interpreter for the methamphetamine deal.

As for Lara's testimony, he contends that—by placing him on the stand—counsel "opened the door for the United States to argue before the jury that it would be unlawful for Lara to put on a defense that he could not be the interpreter fo [sic] the drug transactions because he did not speak good english [sic]." Memorandum, Doc. 13, p. 13. But the prosecution did not make the argument Lara alleges; rather, the prosecution argued that Lara demonstrated he was able to communicate sufficiently in

5

English by testifying at trial (largely without the aid of his interpreter). This was a reasonable argument based on the evidence. Lara complains that his counsel did not object to the prosecution's argument, but Lara suggests no objection that should have been made. And counsel *did* attempt to counter it by arguing that—while Lara could speak some English—his fluency was such that he could be misunderstood with regard to legal and law enforcement matters. Counsel did not perform deficiently by calling Lara to testify or during closing argument.

Lara also argues counsel was ineffective for failing to call two witnesses who allegedly would have corroborated his testimony that he was in the Kansas City area to purchase roosters: coindictee Jose Lopez (also known as Gordo) and the individual from whom Lara was allegedly purchasing the roosters. But counsel *did* attempt to subpoena Lopez to testify in support of Lara. Counsel twice explained at the trial (outside the jury's presence) that he had subpoenaed Lopez and that Lopez' attorney had responded with letters stating he did not want Lopez to testify and that, if called, Lopez would refuse to testify. Counsel asked the Court whether Lopez should nevertheless be called to testify for the purpose of making a record of the refusal, and the Court determined calling Lopez was unnecessary because there was no dispute Lopez would invoke the Fifth Amendment if called. *See* Transcripts, Doc. 602, pp. 12–13; Doc. 604, pp. 72–73. Counsel's performance with respect to Lopez was not deficient. *See Forest v. Delo*, 52 F.3d 716, 722 (8th Cir. 1995) (declaring attorney "had a reasonable basis for not calling" alibi witness where attorney contacted witness and witness was uncooperative and indicated she would not testify on petitioner's behalf).

As for the man Lara was allegedly to purchase roosters from, Lara has submitted no affidavit or other evidence supporting his allegation that the man would testify as Lara claims. Lara's bare allegation does not entitle him to a hearing. *See Dean v. U.S.*, 265 F.2d 544, 546 (8th Cir. 1959) (holding that prisoner's bare assertion he was convicted based on perjured testimony did not require evidentiary hearing). Moreover, Lara cannot establish prejudice. Lara testified he was in the Kansas City area twice to purchase roosters, but the first time he stayed for no more than 8 hours and left without even attempting to contact the man he was allegedly to purchase roosters from. The

6

second time he was in Kansas City was when he was arrested; before his arrest he (again) did not attempt to contact the man, and after his arrest he admitted to an officer that he was to be the interpreter for a methamphetamine deal (after first stating he was there for roosters). With this evidence against Lara, there is no reasonable probability the jury would have acquitted him even if counsel had called the witness to corroborate Lara's testimony.

Lastly, Lara alleges counsel was ineffective for failing to show that there existed no phone records tying Lara to the phone calls between Lopez and coindictee Randy S. Lucero. Lara contends this would have discredited the cooperating witness' testimony that he was the interpreter for the methamphetamine deals. Lara overstates the significance of this evidence would have had. In light of the other evidence in the record, especially Lara's admission to the officer that he was supposed to be the interpreter for a methamphetamine sale, there is no reasonable probability the jury would have acquitted Lara based on the absence of phone records tying him to Lopez and Lucero. Lara's argument is rejected.

*5. Sentencing*

Lara next argues counsel was ineffective in failing to object to the use for enhancement purposes of his 1995 conviction for possession of methamphetamine for sale. Lara argues the conviction could not be used to enhance his penalty under 21 U.S.C. § 841(b)(1)(A) because he received a suspended imposition of sentence. Lara cites *U.S. v. Stallings*, 301 F.3d 919, 920–22 (8th Cir. 2002). But in *Stallings* the conviction could not be used for enhancement because "imposition of sentence was suspended, and *probation was never revoked*." 301 F.3d at 922 (emphasis added). Lara's probation *was* revoked. See Presentence Investigation Report, Doc. 544, pp. 28–29. And notwithstanding *Stallings* the Eighth Circuit has continued to hold that a suspended imposition of sentence constitutes a prior conviction for enhancement purposes. *See U.S. v. Craddock*, 593 F.3d 699, 701–02 (8th Cir. 2010). Whatever precedential value remains for *Stallings* in light of cases like *Craddock*, it does not

7

entitle Lara to any relief on his 28 U.S.C. § 2255 motion.  Lara's 1995 conviction was appropriately used to enhance his sentence to life imprisonment under 21 § 841(b)(1)(A).

## III.  CONCLUSION

Lara's § 2255 motion is denied.
IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 28, 2012                          UNITED STATES DISTRICT COURT